

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY - 8 2013

TONY R. _____ .RK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

---

JOE HAND PROMOTIONS, INC.

versus

CIVIL ACTION NO. 12-2618
JUDGE TOM STAGG

BREAKTIME BAR, LLC d/b/a
BREAKTIME BAR and
CHRISTINA DAVIDSON f/k/a
CHRISTINA HAMMOCK f/k/a
CHRISTINA LACAZE

---

## MEMORANDUM RULING

Before the court are a motion for default judgment filed by the plaintiff, Joe

Hand Promotions, Inc. ("Joe Hand"), pursuant to Federal Rule of Civil Procedure

55(b)(2), and a motion to set aside default filed by the defendants, Breaktime Bar,

LLC, and Christina Davidson (hereinafter collectively referred to as "defendants")

pursuant to Federal Rule of Civil Procedure 55(c). See Record Documents 13 and 17.

Based on the following, Joe Hand's motion for default judgment is **DENIED** and the

defendants' motion to set aside default is **GRANTED** .

### I. BACKGROUND

On October 2, 2012, Joe Hand filed suit against the defendants in this court.

On October 4, 2012, a summons was issued to the defendants and was returned executed on October 19, 2012. See Record Documents 2 and 4. On request from counsel for Joe Hand, summons was reissued on November 13, 2012, and returned executed on November 27, 2012. See Record Documents 5 and 6. Both summons provided: "Within the time required by law, normally 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." See id. No answer or motion was filed by the defendants within this time period.

On March 21, 2013, the Clerk of Court filed a "Notice Of Entry Of Default" into the record against the defendants. See Record Document 12. On April 17, 2013, Joe Hand filed a motion for default judgment against the defendants. See Record Document 13. In its motion, Joe Hand stated: "[The defendants] have not made an appearance and have not filed an answer or objection to the complaint." Id. Shortly thereafter, on April 26, 2013, the defendants attempted to answer the complaint, but their pleading was rejected as deficient.[1] See Record Documents 16 and 18. Also on April 26, 2013, the defendants filed a motion to set aside entry of default, which is

---

[1] The defendants' answer was deficient because the only pleading permissible from a party in default is a motion to set aside the default.

2

now before the court. See Record Document 17.

## II. LAW AND ANALYSIS

"A *default* occurs when a defendant has failed to plead or otherwise respond

to the complaint within the time required by the Federal Rules. An *entry of default*

is what the clerk of court enters when the default is established by affidavit or

otherwise. Fed.R.Civ.P. 55(a). After the defendant's default has been entered,

plaintiff may apply for a judgment based on such default. This is a *default judgment*."

New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in

original).

Under Federal Rule of Civil Procedure 55(c), a court may set aside an entry of

default if the party seeking relief shows "good cause." Generally, good cause has

been interpreted liberally. See Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales,

Inc., 346 F.3d 552, 563 (5th Cir. 2003). "Three factors are examined for determining

'good cause' *vel non*: (1) whether the failure to act was willful; (2) whether setting

the default aside would prejudice the adversary; and (3) whether a meritorious claim

has been presented." Id. A "willful default" is an intentional failure to respond to

litigation. See In re OCA, Inc., 551 F.3d 359, 371 (5th Cir. 2008).

These factors are not "talismanic" nor exclusive. See Dierschke v. O'Cheskey,

975 F.2d 181, 184 (5th Cir. 1992). Courts should rely on other factors such as

whether "(1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." Id. If a court finds an intentional failure of responsive pleadings, there need be no other finding. See id. Nevertheless, the "ultimate inquiry remains whether the defendant shows good cause to set aside the default." CJC Holdings, Inc. v. Wright & Lato, Inc., 979 F.2d 60, 64 (5th Cir. 1992). "In light of the general disfavor of default judgments, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" In re OCA, Inc., 551 F.3d at 371.

In support of their motion to set aside entry of default, the defendants allege that they were not served with process. In support, the defendants attach the affidavit of Christina Davidson in which she states that she "has never been served with Notice or the Complaint in these proceedings by any individual . . . ." Record Document 17, Ex. A. The defendants' assertion addresses whether their failure to act was "willful" and, therefore, it arguably satisfies the liberal "good cause" standard under Rule 55(c).

In this instance, the defendants acted expeditiously to correct the entry of default, filing their deficient answer nine days after Joe Hand filed its motion for default judgment. The court will assume that their initial failure to respond was not

4

willful. Finally, it is unlikely that Joe Hand will be unduly prejudiced by setting aside the entry of default.  The court finds that the defendants have raised doubts which must be resolved in their favor and against entry of default.  See CJC Holdings, Inc., 979 F.2d at 64.

### III.  CONCLUSION

Based on the foregoing analysis, the defendants met the liberal "good cause" standard under Rule 55(c) of the Federal Rules of Civil Procedure.  Accordingly, the defendants' motion to set aside default is **GRANTED**, and Joe Hand's motion for default judgment is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of May, 2013.

_____
JUDGE TOM STAGG

5