U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY - 8 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

---

JOE HAND PROMOTIONS, INC.

versus

BREAKTIME BAR, LLC d/b/a
BREAKTIME BAR and
CHRISTINA DAVIDSON f/k/a
CHRISTINA HAMMOCK f/k/a
CHRISTINA LACAZE

CIVIL ACTION NO. 12-2618
JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court are cross-motions for summary judgment filed by the plaintiff,

Joe Hand Promotions, Inc. ("Joe Hand"), defendant Breaktime Bar, LLC

("Breaktime"), and defendant Christina Davidson ("Davidson")[1] pursuant to Federal

Rule of Civil Procedure 56. See Record Documents 32, 33, and 34. For the reasons

set forth herein, Joe Hand's motion is **DENIED**, Breaktime's motion is **DENIED**,

and Davidson's motion is **GRANTED**.

---

[1] Breaktime and Davidson will collectively be referred to as the
"defendants."

1

## I.  BACKGROUND

The plaintiff alleges that it was granted the exclusive nationwide rights to distribute and broadcast the pay-per-view event Ultimate Fighting Championship 132 ("the PPV") on July 2, 2011.  See Record Document 1.  The plaintiff has produced a copy of a "Distributorship Agreement" between it and Zuffa, LLC ("Zuffa"), the company that produced the PPV.  See Record Document 32, Ex. P-9.  Although it entered into sub-licensing agreements with various entities across the country permitting them to broadcast the PPV, the plaintiff contends that it did not enter into any such agreement with the defendants.  See Record Document 1.  Nevertheless, the plaintiff claims that the defendants "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit" the PPV at the Breaktime Bar in Shreveport on July 2, 2011.  See id.

The plaintiff's lawsuit alleges causes of action against the defendants under the Federal Communications Act ("FCA"), Cable Communications Policy Act ("CCPA"), and the Electronic Communications Privacy Act ("ECPA").  See id.  Specifically, the plaintiff's first cause of action alleges the defendants violated 47 U.S.C. § 605[2] and

---

[2] This statute provides a private cause of action for the unauthorized interception of programming transmitted via satellite.  See 47 U.S.C. § 605(d)(1) and (e)(3)(A); G&G Closed Circuit Events LLC v. Rivals Sports Grill LLC, No. 6:12-3052, 2014 WL 198159 at *3 (W.D. La. Jan. 14, 2014).

18 U.S.C. §§ 2511 and 2520,[3] and the plaintiff's second cause of action alleges a violation of 47 U.S.C. § 553.[4] See id. The plaintiff, Davidson, and Breaktime each filed separate motions for summary judgment. See Record Documents 32, 33, and 34. The plaintiff opposed both Davidson's and Breaktime's motions. See Record Documents 37 and 48. Both Davidson and Breaktime filed oppositions to the plaintiff's motion. See Record Documents 54 and 55.

## II. LAW AND ANALYSIS

### A.    Summary Judgment.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

---

[3] Together, these statutes provide a private cause of action for the intentional interception of electronic communications, including both satellite and cable transmissions. See 18 U.S.C. §§ 2511(1)(a) and 2520(a); DIRECTV, Inc. v. Webb, 545 F.3d 837, 844 (9th Cir. 2008).

[4] This statute provides a private cause of action for the unauthorized interception of communications transmitted over a cable system. See 47 U.S.C. § 553(a)(1) and (c)(1); G&G Closed Circuit Events LLC v. Rivals Sports Grill LLC, No. 6:12-3052, 2014 WL 198159 at *3 (W.D. La. Jan. 14, 2014).

essential to that party's case, and on which that party will bear the burden of proof at

trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant

demonstrates the absence of a genuine dispute of material fact, "the nonmovant must

go beyond the pleadings and designate specific facts showing that there is a genuine

[dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.

2004). Where critical evidence is so weak or tenuous on an essential fact that it could

not support a judgment in favor of the nonmovant, then summary judgment should

be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

The Fifth Circuit has cautioned that "conclusory allegations, speculation, and

unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a

motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.

2002).

**B.     Davidson Is Immune From Liability Because She Is The Member And Manager Of Breaktime, A Limited Liability Company.**

Breaktime is a limited liability company ("LLC"), and Davidson is its sole

member and manager. See Record Document 32, Ex. P-2; Record Document 33, Ex.

1. Under Louisiana law, a LLC is a juridical person and is generally treated as

separate from its members. See Ogea v. Merritt, -- So. 3d --, 2013 WL 6439355 at

*5-6 (La. 2013); La. Civ. Code art. 24. Additionally, members of a LLC are immune

from liability for the LLC's debts, obligations, and liabilities. See La. R.S. § 12:1320(B). However, this limited liability for members is subject to certain exceptions. See La. R.S. § 12:1320(D). Specifically, members of a LLC can be liable in their individual capacity if they commit fraud, breach a professional duty, or perform a negligent or wrongful act against another. See id.; Ogea, 2013 WL 6439355 at *10. Specifically, to lose their limited liability, members of a LLC must perform an act that either is outside their capacity as a member or, if done as a member, "also violate(s) some personal duty owed by the individual to the injured party." See Petch v. Humble, 939 So. 2d 499, 504 (La. App. 2d Cir. 2006)

The plaintiff contends that Davidson "specifically and wilfully directed the employees of Breaktime to unlawfully intercept and broadcast" the PPV in violation of multiple federal statutes. See Record Document 1. Thus, the plaintiff is accusing Davidson of committing a negligent or wrongful act—specifically, violating federal law. However, the plaintiff has not put forth any evidence to support this accusation. The affidavit of Mark Giese ("Giese"), an investigator hired by the plaintiff, is the only evidence the plaintiff has introduced to show that the PPV was broadcast at Breaktime Bar and does not identify Davidson as having been on the premises. See Record Document 32, Ex. P-6. Moreover, Davidson has submitted her own affidavit stating explicitly that she was not present at Breaktime Bar between 8:00

5

p.m. (the time the PPV started[5]) and 10:00 p.m. on July 2, 2011, and that she did not direct any employee to broadcast the PPV. See Record Document 55, Ex. 1. Even assuming that the PPV was actually broadcast at Breaktime Bar on July 2, 2011, the plaintiff must show some act by Davidson to circumvent her limited liability as a member of a LLC. Because the plaintiff has not done so, Davidson retains her limited liability and is entitled to judgment as a matter of law. Therefore, Davidson's motion for summary judgment is **GRANTED.**

C. **Breaktime's Argument That Joe Hand Does Not Have Standing Under 47 U.S.C. §§ 553 And 605.**

Breaktime contends that the plaintiff lacks standing under 47 U.S.C. §§ 553 and 605 because it is not "any person aggrieved" within the meaning of those statutes. See Record Documents 34. Specifically, Breaktime argues that the plaintiff cannot prove it had proprietary rights to the PPV. This is the first time that standing has been raised. An attack on a party's standing is an attack on that party's capacity to sue, and must be raised as a specific affirmative defense. See Fed. R. Civ. P. 9; F.D.I.C. v. Calhoun, 34 F.3d 1291, 1299 (5th Cir. 1994). A party can raise standing as a ground for summary judgment. See Doe v. Beaumont Ind. Sch. Dist., 240 F.3d 462, 466 (5th Cir. 2001); Barrett Comp. Servs., Inc. v. PDA, Inc., 884 F.2d 214, 215 (5th Cir.

---

[5] See UFC 132, http://ufc.com/event/UFC132 (last visited March 4, 2014)(listing the start time of the PPV as 9:00 p.m. Eastern Time).

1989).

Breaktime's argument is not persuasive.  The plaintiff, Joe Hand, is a corporation.  Corporations act through their officers and agents.  Joe Hand's president, Joe Hand, Jr., submitted an affidavit in support of the plaintiff's motion. See Record Document 32, Ex. 12 ("Plaintiff's Affidavit In Support Of Plaintiff's Motion For Default Judgment").  Moreover, the plaintiff has produced a copy of the distribution agreement between Joe Hand and Zuffa.  See id., Ex. P-9.  These documents set forth sufficient facts to show that the plaintiff may qualify as a "person aggrieved" within the meaning of 47 U.S.C. §§ 553 and 605.  Breaktime is not entitled to summary judgment on this ground.

**D.    Breaktime's Argument That Joe Hand Does Not Have Standing Under 18 U.S.C. §§ 2511 And 2520.**

The final argument raised by Breaktime in its motion is that the plaintiff lacks standing to sue under 18 U.S.C. §§ 2511 and 2520.  See Record Document 34. However, unlike the argument addressed in part C, this argument appears to be an attack on the evidence in support of the plaintiff's claims rather than on the plaintiff's right to sue.  Breaktime's memorandum in support of its motion contains two brief paragraphs of argument on this point.  The court finds the defendant has not carried its burden of proof with respect to this argument.  Therefore, having found no ground

on which Breaktime is entitled to summary judgment, Breaktime's motion is **DENIED**.

**E.     Joe Hand's Motion For Summary Judgment.**

   **1.     Liability.**

The plaintiff contends it is entitled to summary judgment on all of its claims against the defendants.  Having granted Davidson's motion for summary judgment, the plaintiff's motion is **DENIED** as to Davidson.  To be entitled to summary judgment against Breaktime under the statutes cited in its complaint, the plaintiff must show that Breaktime intercepted or otherwise unlawfully broadcast the PPV.  See DIRECTV, Inc. v. Robson, 420 F.3d 532, 537 (5th Cir. 2005); Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990); G&G Closed Circuit Events LLC, No. 6:12-3052, 2014 WL 198159 at *4 (W.D. La. Jan. 14, 2014).

The court has already found that the plaintiff has produced sufficient evidence to establish it had exclusive distribution rights to the PPV.  Specifically, the plaintiff has introduced a distribution agreement between it and Zuffa, granting the plaintiff exclusive rights to distribute Zuffa events, including the PPV. See Record Document 32, Ex. P-9.  The plaintiff is clearly a "person aggrieved" under 47 U.S.C. § 553 and 605 and a person whose communication was intercepted under 18 U.S.C. § 2520. See 47 U.S.C. § 605(d)(6); 18 U.S.C. § 2520(a); Gen. Instrument Corp. of Del. v. Nu-Tek

Elecs. & Mfg., Inc., 197 F.3d 83, 86-89 (3d Cir. 1999)(discussing requirements to be a "person aggrieved" under 47 U.S.C. § 553). Moreover, Breaktime has not alleged that it entered into any agreement with the plaintiff to broadcast the PPV.[6] Thus, the instant question is whether there is a genuine dispute as to whether the PPV was actually broadcast at the Breaktime Bar on July 2, 2011.

The plaintiff's evidence that the PPV was actually broadcast at the Breaktime Bar on July 2, 2011, is Giese's affidavit. Giese testifies that he was present at the Breaktime Bar on July 2, 2011, from approximately 8:53 p.m. to approximately 9:06 p.m. His affidavit describes the inside premises of the Breaktime Bar, the bartender from whom he ordered a drink, and a number of license plates he observed on vehicles in the parking lot. See Record Document 32, Ex. P-6. Moreover, Giese testified that, while he was inside the bar, the PPV was being broadcast on all three televisions located inside the bar. Giese even describes a particular fight that was occurring at the time that he was inside the bar. See id.

In its opposition to the plaintiff's motion, Breaktime argues that the court should not consider Giese's affidavit because it is not based on personal knowledge. See Record Document 54. Breaktime is correct that affidavits in support of a motion

---

[6] In fact, Breaktime's member/manager, Davidson, has admitted she did not obtain permission from the plaintiff to broadcast the PPV at the Breaktime Bar. See Record Document 32, Exs. P-5 and P-7.

9

for summary judgment must be based on personal knowledge. See Fed. R. Civ. P. 56(c)(4). However, in the one paragraph of argument in Breaktime's opposition that addresses Giese's affidavit, the only portion of Giese's affidavit that Breaktime expressly alleges is not based on personal knowledge is Giese's estimate of the bar's approximate capacity. See Record Documents 32, Ex. P-6 and 54. The fact that a single statement in Giese's affidavit may not be based on personal knowledge is not sufficient grounds for the court to disregard the affidavit in its entirety.[7] Additionally, Breaktime has not alleged that Giese was not present at the Breaktime Bar on July 2, 2011, as his affidavit states. See Record Document 32, Ex. P-6.

An affidavit from Davidson, submitted by Breaktime in support of its opposition, states that she was not present at Breaktime Bar on the night of the PPV and she did not direct any employee or patrons to broadcast the PPV. See Record Document 54, Ex. 1. However, Davidson's affidavit does not expressly deny that the PPV was broadcast. See id. Breaktime has not introduced any evidence to contradict Giese's testimony that the PPV was broadcast at the Breaktime Bar on July 2, 2011. Therefore, there is no genuine dispute as to whether Breaktime illegally intercepted

---

[7] This court is aware of Rule 56's admonition that only admissible evidence may be considered in ruling on a summary judgment motion. See Stults v. Conoco, Inc., 76 F.3d 651, 654-55 (5th Cir. 1996). The court—fully cognizant of the evidentiary standards—will consider Giese's affidavit, giving the statements due weight and appropriately discounting any improper statements and evidence.

and broadcast the PPV.

Nevertheless, the court cannot grant the plaintiff's motion for summary judgment because evidence is lacking as to other material facts. The plaintiff has not shown whether the PPV was broadcast via satellite or cable or how Breaktime intercepted the PPV, which determines whether Breaktime's conduct violates 47 U.S.C. § 605 or 47 U.S.C. § 553. See Charter Comm's Entm't I, DST v. Burdulis, 460 F.3d 168, 173 (1st Cir. 2006)("Section 605 deals with communications traveling through the air (via radio), whereas § 553 covers communications traveling over cable wire."); United States v. Norris, 88 F.3d 462, 468 (7th Cir. 1996)("[T]he interception of cable television programming as it travels through the air is to be governed by § 605, while the interception of cable television programming traveling over a cable network . . . is to be governed by § 553(a)."). Moreover, the plaintiff has not produced sufficient evidence as to Breaktime's profits and gross revenue, whether the violation was committed willfully for commercial or private gain, or whether the transmission of the PPV was encrypted or scrambled, all of which affect the court's computation of damages. See 47 U.S.C. § 605(e)(3) and § 553(c)(3); 18 U.S.C. § 2520(c). Therefore, the plaintiff's motion for summary judgment is **DENIED.**

11

## III.  CONCLUSION

Based on the foregoing, Davidson's motion for summary judgment is **GRANTED** and all of Joe Hand's claims against Davidson are **DISMISSED WITH PREJUDICE.**   Additionally, Breaktime's motion for summary judgment is **DENIED.**  Finally, Joe Hand's motion for summary judgment is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this ___8___ day of ___May___, 2014.

_____
JUDGE TOM STAGG